## SUPERIOR COURT.

### THE MECHANICS' BANKING ASSOCIATION agt. CHRISTOPHER KIERSTED.

When a party, against whom a verdict is rendered, moves on a *case* at special term, and obtains a new trial on the ground that the verdict was against evidence, on the terms of paying the costs of the trial and of the subsequent proceedings, the opposite party is entitled to a fee of $10 for every term the cause is necessarily on the special term calendar, on the case made, exclusive of that at which it is heard; and for the latter term, to the fee given by the Code for the trial of an issue of fact.

*New-York General Term, February,* 1855.—*Before all the justices.*

THIS action was tried, before a justice of this court and a jury, in April, 1854. The defendant obtained a verdict. The plaintiff made a *case,* on which he moved for a new trial, on the ground that the verdict was against evidence, which motion was granted upon the terms of paying the costs of the trial and of the subsequent proceedings. When the case was settled, the motion for a new trial was noticed to be made at a special term of the court, and the cause was placed on the calendar. It was so noticed and on the calendar three terms, exclusive of that at which the motion was argued. The clerk, on adjusting the costs, to be paid as a compliance with the terms of the order on which a new trial was granted, allowed, ·

| | |
|---|---:|
| For the term at which the action was tried, . . . | $12.00 |
| For the three terms it was on the calendar, on the motion for a new trial on the case made, . . . | 30.00 |
| Trial for issue of law, . . . . . . . . . . . | 12.00 |
| Disbursements, . . . . . . . . . . . . . | 1.50 |
| **Total,** | **$55.50** |

The Mechanics' Banking Association agt. Kiersted.

The plaintiff appealed from the adjustment, and insisted that the Code has made no provision for compensating the services of an attorney in resisting such a motion, unless under § 315, a sum, not exceeding $10, may be allowed, as the costs of *a motion.*

R. E. MOUNT, jr., *for plaintiff.*

WILLARD, SWEENY, and ANDERSON, *for defendant.*

By the court—BOSWORTH, Judge. The motion for a new trial, on a case made, can be heard only at a special term of the court. (Code, § 265.) Such a motion cannot be made, before a judge or justice, out of court. (*Id.* § 401.)

The motion is an enumerated motion. (*Rule* 27.) It can be noticed only for the first day of the term, and must be placed on the calendar. (*Rule* 28.)

Section 315 of the Code has no reference to such a proceeding, but relates solely to *special non-enumerated motions.*

In *Waterbury* agt. *Westervelt,* (3 *Sand. S. C. R.* 749,) this court held that, in a case in which the questions of law arising upon a trial or verdict were subsequently heard at a special term, the successful party was entitled to the fee allowed by the Code for the trial of an *issue of law.*

In *Wiggins* agt. *Armstrong,* (4 *Sand.* 688,) the same rule was applied, and a term fee of $10 for each term, exclusive of that at which the cause was argued, was allowed; and for the latter term, the prescribed trial fee.

In *Roosevelt* agt. *Brown,* (1 *Duer's R.* 642,) this court, by a decision made at general term, re-affirmed this construction of the Code, and allowed costs accordingly.

*Ellsworth* agt. *Gooding,* (8 *How. Pr. R.* 1,) and *Hager* agt. *Danforth,* (*id.* 448,) were actions in which the defeated party moved, at special term, for a new trial, on a *case.*

In the former, Mr. Justice HARRIS, and in the latter, Mr. Justice PARKER, decided that a fee of $10 for each term the cause was on the calendar, except that at which it was heard, was allowable, and for the latter term a trial fee.

Such a motion is an actual hearing and examination of a cause upon the merits, upon the issues joined in it. It is substantially a *trial*, as that proceeding is defined by the Code. (§ 252.)

We think the provision allowing a fee for the *trial* of a cause, should be so construed as to entitle the prevailing party to that fee, whenever such a hearing has been necessarily had of all the issues of law, or of all the issues of fact upon the merits, at a stated term of the court.

As the cause, upon such a hearing, is necessarily upon the calendar, the fee of $10 for each term, when it is not reached or postponed, is also allowable.

The rule is to be deemed settled in this court, that in such a case, when either party is entitled to the costs of such a proceeding, he is to be allowed a fee of $10 for every term at which the cause is necessarily on the calendar, and not reached or postponed, exclusive of that at which it is tried or *heard ;* and for the latter term, the trial fee prescribed for such an issue as is tried or heard. (*Code,* § 306, *sub.* 8.)

The trial, in this case, was practically that of an issue of *fact.* A defendant is entitled, in such a case, to be paid $12. The compensation being the same as for the trial of an issue of law, the amount of the bill as adjusted is correct. The only error is in the terms of the charge. That may be corrected, and the adjustment, as made by the clerk, will be affirmed.